**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| VICTOR GILMORE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 2:18CV634 |
| ) | |
| RESULTS UNLIMITED, INC., ET AL. ) | |
| ) | |
| Defendants ) | |

**BRIEF IN SUPPORT OF DEFENDANT
RESULTS UNLIMITED, INC.'S MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff Victor Gilmore ("Plaintiff" or "Mr. Gilmore") filed suit on January 2, 2019 against Results Unlimited, Inc. ("Results Unlimited"), and others asserting causes of action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") (Counts I, II, IV and V), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") (Counts III and VI), and the federal mail fraud statute, 18 U.S.C. § 1341. Results Unlimited seeks the dismissal of Counts I, II and IV for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. Results Unlimited seeks the dismissal of the remaining Counts of Plaintiff's Complaint for failing to state a claim upon which relief can be granted.

**II. FACTUAL BACKGROUND**

On May 5, 2000, the Virginia Beach General District Court entered a Default Judgment in favor of PREIT T/A Emerald Point Apartments against Victor Gilmore in the amount of $583.00, with 9% interest from that date, plus costs in the amount of $23.50 and attorney's fees

1

in the amount of $51.50 (the "General District Court Judgment"). *See* ECF No. 11-1. The Judgment against Mr. Gilmore was docketed in the Virginia Beach Circuit Court on May 4, 2010, in compliance with VA. CODE §16.1-69.55(B)(4).

On May 1, 2018, Mr. Gilmore attempted to withdrawal funds from his Navy Federal Credit Union account. *See* ECF No. 3 at ¶ 3. At that time, Mr. Gilmore was informed that "his account was frozen by Tariq K. Louka, Esquire to pay a Judgment that was obtained by Emerald Point Apartments". *Id.* On May 3, 2018, Mr. Gilmore filed a motion to set aside the General District Court Judgment. *See* ECF No. 11-2. In his Motion to Set Aside Default Judgment, Mr. Gilmore argued: (1) that he did not receive notice of the 2000 hearing; (2), that he did not have an opportunity to offer a defense; (3) that the plaintiffs were "attempting to collect on a debt that was past the statute of limitations at the time of the Judgment which renders the judgment void *ab initio*…"; and (4) that the plaintiffs in the General District Court action knew where he was but proceeded without serving him. *See* ECF No. 11-2 at pg. 1. As such, Mr. Gilmore claimed that the General District Court Judgment was a fraud on the court and that it was a void judgment. *Id.* The General District Court denied Mr. Gilmore's Motion to Set Aside Default Judgment on May 21, 2018. *Id.*

Mr. Gilmore sought an appeal from the General District Court's denial of his Motion to Set Aside Default Judgment. *See* ECF No. 11-2 at pg. 1. On June 29, 2018, the Circuit Court for Virginia Beach, Virginia dismissed Mr. Gilmore's appeal for lack of jurisdiction. *See* ECF No. 11-3. After his unsuccessful appeal of the denial of his motion to set aside the state court judgment, Mr. Gilmore filed this Federal action on January 2, 2019.

### III. STANDARD OF REVIEW

#### A. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

Pursuant to FED. R. CIV. P. 12(b)(1), a case may be dismissed for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1); *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). Because a Rule 12(b)(1) motion challenges the court's power to hear a case, "a court should address doubts concerning its subject matter jurisdiction before ruling on any other aspect of the case." *Walton v. Melson*, 2012 WL 2930744, *1 (E.D. Va., July 18, 2012) (citation omitted). When a motion is based on a plaintiff's failure to allege facts on which subject matter jurisdiction can lie, all facts in the complaint are presumed to be true; however, "[r]egardless of any deference owed to the pleadings, the plaintiff bears the burden of ultimately proving subject matter jurisdiction." *Id.* at *1 (citations omitted). A court considering a Rule 12(b)(1) motion should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Humphrey v. Global Equity Lending, Inc.*, 2:08CV68, 2008 WL 5262769, *3 (E.D. Va., Dec. 17, 2008) (quotation omitted).

Any claim barred by the Rooker-Feldman doctrine is considered to be "properly dismissed for want of subject-matter jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005).

### B. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

The standard for a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), where the Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. (Citations omitted). "Something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' will be allowed to 'take up the time of a

3

number of other people' . . . . So, when the allegations in the complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id*. at 557-58 (citations omitted). The *Twombly* standard was further clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) where the Supreme Court set forth a two-pronged approach to analyzing motions to dismiss. First, the court only accepts all factual allegations in the complaint as true and all reasonable inferences that can be drawn therefrom but "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

A Court may take judicial notice of public records, including court records, when ruling on a motion to dismiss. *Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir.2009); *see also Witthohn v. Fed. Ins. Co.,* 164 F. App'x 395, 396 (4th Cir.2006); *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir.1989) (explaining that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records" (citation omitted).

### C. THE FAIR DEBT COLLECTION PRACTICES ACT

In 1977, Congress passed the FDCPA for the purpose of eliminating abusive debt collection practices. 15 U.S.C. § 1692(e). There are three major regulatory components to the FDCPA. First, debt collectors are required to furnish initial written disclosures to debtors (15 U.S.C. § 1692g) and must provide disclosures in follow up communications. 15 U.S.C. § 1692e(11). Second, the FDCPA limits communications that a debt collector may have with either the debtor (15 U.S.C. § 1692c) and/or with third parties (15 U.S.C. § 1692b). The third major

4

regulatory component addresses prohibited conduct, the claims at issue in the case. Collectors may not engage in conduct that harasses or abuses a debtor (15 U.S.C. § 1692d); collectors may not use false or misleading statements in connection with the collection of a debt (15 U.S.C. § 1692e); and collectors may not engage in unfair collection practices (15 U.S.C. § 1692f).

### D. THE FAIR CREDIT REPORTING ACT

In 1970, Congress passed the Fair Credit Reporting Act for the purpose of assuring accuracy and fairness in credit reporting, *see* 15 U.S.C. § 1681(a), and to require consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). This stated purpose is accomplished through an exhaustive set of rules that control all aspects of the credit reporting process. The FCRA regulates the permissible purposes for uses of consumer credit reports. 15 U.S.C. § 1681b.

## IV. ARGUMENT

### A. PLAINTIFF'S CLAIMS FOR RELIEF UNDER THE FAIR DEBT COLLECTION PRACTICES ACT (COUNTS I, II AND IV) ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE.

The exercise of jurisdiction over Plaintiff's FDCPA claims would violate a doctrine established by two United States Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). This doctrine known as "Rooker-Feldman" provides that lower federal courts should not sit in direct review of state court decisions unless Congress has specifically authorized such relief. In other words, a federal district court cannot provide what is "in substance" appellate review of the state-court judgment based on the "party's claim that the state judgment itself violates [that

party's] federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994). The policy behind the rule is to prevent "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284-85 (2005). Because only the United States Supreme Court has authority to review state court decisions, federal district courts lack subject matter jurisdiction to review those judgments. *Id*. at 291-92.

The controlling question in the Rooker–Feldman analysis is whether a party is seeking a federal district court to review a state court decision and thus pass upon the merits of that state court decision, not whether the state court judgment is presently subject to reversal or modification. *Wilson–McClain v. Specialized Loan Servicing, LLC*, 2016 WL 5662002, at *7 (E.D. Va. Sept. 29, 2016). Put another way, if "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual," Rooker–Feldman is implicated. *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 202 (4th Cir. 1997) (*quoting Ernst v. Child & Youth Servs*., 108 F.3d 486, 491 (3d Cir. 1997). "Under the Rooker–Feldman doctrine, lower federal courts may not consider either 'issues actually presented to and decided by a state court' or 'constitutional claims that are inextricably intertwined with questions ruled upon by a state court.' " *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).

In state court, Mr. Gilmore sought to set aside a Default Judgment that had been entered against him based on his contention that the plaintiff (Emerald Point) was "attempting to collect on a debt that was past the statute of limitations at the time of the Judgment which renders the judgment void *ab initio*…". *See* ECF 11-2 at pg. 1. The General District Court denied Mr.

Gilmore's Motion to Set Aside Default Judgment (*Id.*) and the Circuit Court for Virginia Beach, Virginia dismissed Mr. Gilmore's appeal. *See* ECF No. 11-3.

In this case, Counts I and IV assert that Results Unlimited attempted to collect on a debt that the Plaintiff did not owe and that Results Unlimited made false statements in connection with the collection of the debt in violation of 15 U.S.C. § 1692e(2), e(10) and e(12) of the FDCPA. *See* ECF No. 3 at pg. 4, ¶ 13, and at pg. 6, ¶ 21. Similarly, Count II asserts that Results Unlimited attempted to collect an amount not authorized by the agreement or permitted by law and that it misrepresented the amount and character of the debt in violation of 15 U.S.C. § 1692(f) and e(5) of the FDCPA. *See* ECF No. 3 at pg. 5, ¶ 16.

Plaintiff's FDCPA claims therefore operate as a challenge to the General District Court Judgment. As a result, the allegations in this case are so "inextricably intertwined" with the General District Court's decision that federal district court consideration of these issues would, in effect, constitute review of a final judgment of a state court. Such review violates the Rooker-Feldman doctrine. *See Shooting Point, LLC v. Cumming*, 368 F.3d 379 (4th Cir. 2004) (affirming Rule 12(b)(1) dismissal of a lawsuit on the grounds that the suit was barred by the Rooker-Feldman doctrine); *see also Hinton v. Providence Dane, LLC,* 2011 WL 13195915, at *1 (E.D. Va. July 6, 2011) (dismissing FDCPA claim as barred under the Rooker-Feldman doctrine). Therefore, this Court lacks jurisdiction to provide Plaintiff relief from the state court decisions and Counts I, II and IV of Plaintiff's Complaint should be dismissed.

> **B. PLAINTIFF'S CLAIMS FOR RELIEF UNDER THE FAIR CREDIT REPORTING ACT (COUNTS III AND VI) SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

The FCRA regulates the permissible purposes for uses of consumer credit reports. 15 U.S.C. § 1681b. Section 1681b(f) provides: "A person shall not use or obtain a consumer report

for any purpose unless ... the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." Section 1681 permits a consumer reporting agency to furnish a consumer report to a person which it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

Here, the credit report was obtained for a purpose for which the consumer report is authorized to be furnished – collection of a debt. *See* ECF No. 3 at pg. 3, ¶ 4 (Results Unlimited "pulled plaintiff's credit report for the purpose of collecting a debt".). The Fourth Circuit has held that a permissible purpose exists where a creditor seeks information in order to collect an account owed by the consumer. *See Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997).

For this reason, Results Unlimited did not violate the FCRA because it was entitled to the credit information that it obtained. Accordingly, Counts III and VI fail to state a claim under the FCRA and must be dismissed with prejudice.

### C. COUNT V SHOULD BE DISMISSED BECAUSE PLAINTIFF'S OWN COMPLAINT DEMONSTRATES THAT RESULTS UNLIMITED PROVIDED THE REQUESTED DEBT VERIFICATION.

Count V of Plaintiff's Complaint alleges that Results Unlimited violated its obligations under 15 U.S.C. § 1692g because Results Unlimited failed to provide verification of the debt after Plaintiff made a written request for the defendant to verify the debt. *See* ECF No. 3 at pg. 7, ¶ 23. In this regard, "Section 1692g requires a debt collector to provide, in its initial communication with a consumer or within five days of that time, a debt validation notice informing the consumer of his or her right to dispute the validity of the debt." *United States v.*

*Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 139 (4th Cir. 1996). The consumer then has thirty (30) days to request a verification of the debt. *See* 15 U.S.C. § 1692g(b).

Mr. Gilmore does not allege and cannot in good faith allege that he sent the validation demand within thirty (30) days after hew received Results Unlimited's initial communication. Because the Plaintiff has failed to allege the date that Results Unlimited sent him the required § 1692g disclosure, his lawsuit fails to assert a necessary prerequisite to a § 1692g claim, i.e. that the Plaintiff made a demand for validation within 30 days after receiving the initial FDCPA disclosure. For this reason, his § 1692g claim fails as a matter of law.

Moreover, the Fourth Circuit has held that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed" and that "[t]here is no concomitant obligation to forward copies of bills or other detailed evidence of the debt." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). Plaintiff contends that on April 17, 2018 he sent a request by Certified Mail to Results Unlimited requesting verification of the debt. *See* ECF No. 3 at pg. 7, ¶ 23. Plaintiff's Complaint confirms that Results Unlimited complied with the validation requirement, acknowledging that on April 20, 2018, Results Unlimited furnished him with a statement of the debt in the amount of $1,224.24. *See* ECF No. 3 at pgs. 4-5, ¶ 7, and at pg. 6, ¶ 21. The allegations in Plaintiff's Complaint, therefore, refute his claim that Results Unlimited ignored his request for verification of the debt. Accordingly, Count V of Plaintiff's Complaint should be dismissed with prejudice.

### D. PLAINTIFF'S CAUSE OF ACTION FOR MAIL FRAUD (COUNT VII[1]) SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION UNDER THE FEDERAL MAIL FRAUD STATUTE.

Count VII of Plaintiff's Complaint appears to allege that defendants have committed mail fraud. In support of this claim, Plaintiff relies upon 18 U.S.C. § 1341, which provides:

---

[1] Plaintiff's seventh count is mislabeled as Count VIII in Plaintiff's Complaint.

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

*See* 18 U.S.C. § 1341. There is no private cause of action for a violation of the federal mail fraud statute. *See Smith v. Bank of Am.,* 2014 WL 12543910, at *2 (E.D. Va. May 5, 2014) (explaining that 18 U.S.C. § 1341 is a criminal statute that does not give rise to a private right of action). Therefore, Plaintiff cannot state a claim upon which relief can be granted as to Count VII. For this reason, Count VII should be dismissed with prejudice.

## V. CONCLUSION

For the reasons set forth herein, Counts I, II and IV of Plaintiff's Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction because they are barred by the Rooker-Feldman doctrine. The remaining Counts of Plaintiff's Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted.

                              **THE LAW OFFICES OF RONALD S. CANTER, LLC**

                            */s/ Ronald S. Canter*
                            Ronald S. Canter, Esquire, VSB #87187
                            200A Monroe Street, Suite 104
                            Rockville, Maryland 20850-4424
                            Telephone: (301) 424-7490
                            Facsimile: (301) 424-7470
                            E-Mail: rcanter@roncanterllc.com
                            *Attorney for Defendant,*
                            *Results Unlimited, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the foregoing was electronically transmitted pursuant to ECF procedures, this 1st day of March, 2019 to:

James Arthur Cales, III, Esquire
Furniss Davis Rashkind & Saunders PC
6160 Kempsville Circle, Suite 341B
Norfolk, Virginia 23502
jcales@furnissdavis.com
*Attorney for Defendant,*
*Tariq K. Louka, Esquire*

P. Todd Sartwell, Esquire
Dickerson & Smith Law Group
115 South Lynnhaven Road
Virginia Beach, Virginia 23452
todd@daviddickerson.com
*Attorney for Defendant,*
*Emerald Point Apartments*

and mailed, first class postage pre-paid on the 4th day of March, 2019 to:

Victor Gilmore
507 High Street, Apt 706
Portsmouth, Virginia 23704
*Pro Se Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendant,*
*Results Unlimited, Inc.*